UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE CLARK, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-2263 |
| v | : | (JUDGE MANNION) |
| WARDEN S. SPAULDING, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Jermaine Clark, an inmate confined in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the Bureau of Prison's (BOP) computation of his sentence. (Doc. 1, petition). Specifically, he claims that he began serving his federal sentence in 2009 and that he has served two times the amount of imprisonment to which he was sentenced. Id. As such, he seeks immediate release. Id. The petition is ripe for disposition, and for the reasons outlined below, the petition will be **DISMISSED** for Clark's failure to exhaust administrative remedies.

**I.    Background**

On May 5, 2008, Petitioner was arrested and transported to Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania on

Pennsylvania state charges. (Doc. 7-1 at 3-4, Declaration of Darla Henderson, Bureau of Prisons Management Analyst).

On May 9, 2009, the Petitioner bonded out on the state charges, and was released to a federal detainer for a probation violation. Id.

On November 4, 2009, the United States District Court for the Eastern District of Pennsylvania revoked Petitioner's federal probation and ordered that Petitioner's federal sentence run consecutive to his state sentence. (Doc. 7-1 at 5, Judgment in a Criminal Case).

On July 19, 2010, the United States released the Petitioner from federal jurisdiction, and relinquished primary jurisdiction to Pennsylvania so that the Petitioner could service his state sentence. (Doc. 7-1 at 7, SENTRY Inmate History).

On June 18, 2015, Petitioner was received into the Bureau of Prisons. Id. On June 29, 2015, he was designated to FCI-Allenwood. Id.

On November 27, 2015, Petitioner filed the above captioned action, challenging the calculation of his sentence. (Doc. 1, petition).

A February 17, 2016 search of the BOP SENTRY computer generated Administrative Remedy Retrieval system revealed that since Clark's designation to BOP custody, he has filed twelve (12) administrative remedies.

(Doc. 7-1 at 17-21, Administrative Remedy Generalized Retrieval). These administrative remedies concerned complaints about staff interfering with mail, inadequate medical treatment, and challenges to incident reports. Id. None of the twelve administrative remedies involve Petitioner's sentence computation. Id.

**II.     Discussion**

    **A.     Exhaustion of Administrative Remedies**

District Courts have jurisdiction under §2241 to consider petitions brought by inmates, like Clark, who allege that the BOP miscalculated their sentences. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Section 2241, and not §2255, confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution rather than the validity of his sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies **prior** to filing a §2241 petition. See Small v. Camden County, 728 F.3d 265, 269 (3d Cir. 2013); Callwood v. Enos, 230

F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (emphasis added). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).

Id. (citations and internal quotation marks removed). In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq., otherwise, the habeas petition should be dismissed. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory

construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate

may consider the absence of a response to be a denial at that level. Id.

As is apparent from the February 17, 2016 search of the administrative index database and his own admission in his petition, Clark has failed to exhaust his administrative remedies pertaining to his sentence computation challenge. Specifically, while in BOP custody, Clark has filed twelve administrative remedies, none of which address his sentence computation. (See Doc. 7-1 at 17-21, Administrative Remedy Generalized Retrieval). As such, the record, as well as Petitioner's own admission, demonstrate that Petitioner has failed to exhaust the administrative remedy process prior to bringing the instant action. Accordingly, the petition will be dismissed.

### III.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241

petition), *abrogated on other grounds by* Gonzalez v. Thaler, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133(3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   July 14, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2263-01.wpd